UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
JENNIFER A. CONNORS,                  :
                                      :
          Plaintiff,                  :
                                      :
          v.                          :    Case No. 2:10-cv-94
                                      :
DARTMOUTH HITCHCOCK MEDICAL CENTER,   :
DARTMOUTH MEDICAL SCHOOL, MARY        :
HITCHCOCK MEMORIAL HOSPITAL,          :
DARTMOUTH-HITCHCOCK CLINIC and        :
TRUSTEES OF DARTMOUTH COLLEGE,        :
                                      :
          Defendants.                 :
                                      :
```

**MEMORANDUM OPINION and ORDER**[1]

Plaintiff Jennifer Connors was a resident physician in

Defendant Dartmouth Hitchcock Medical Center's graduate training

program in psychiatry from June 2006 until August 2009.

According to her Amended Complaint, she was diagnosed with

Attention-Deficit/Hyperactivity Disorder in 2003.  The Defendants

agreed to provide reasonable accommodation in order for her to

participate in the program, but provided only limited

accommodations for a limited period of time.  Eventually Dr.

Connors was terminated from the program.  Her Amended Complaint

asserts four counts against the Defendants, for disability

discrimination in violation of the Americans with Disabilities

Act, retaliation, breach of contract and breach of the covenant

---

[1] Pursuant to Local Rule 7(a)(6), the Court determines that
oral argument is unnecessary for the determination of this
motion.  The hearing scheduled for February 17, 2011, is
therefore canceled.

of good faith and fair dealing.

The Defendants have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) with respect to Dr. Connors's disability discrimination claim.  They assert that the Amended Complaint fails to allege that Dr. Connors complied with procedural requirements in set forth 42 U.S.C. Section 2000e-5(e), specifically that she failed to allege that she filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory act. The discriminatory act at issue was her termination from the residency program.[2]

Dr. Connors's Amended Complaint stated that she "filed a charge of discrimination against defendants with the [EEOC]," that the EEOC issued a Notice of Right to Sue on March 9, 2010, and that fewer than 90 days elapsed between receipt of her right-to-sue notice and the filing of her complaint.  Am. Compl. ¶¶8-10.  She argues that therefore the Court may draw a reasonable inference that the Defendants may be liable for disability discrimination.  Alternatively, she requests leave to amend in

---

[2]  Relying on facts that are not alleged in the Amended Complaint, Defendants state that Dr. Connors was notified of her termination from the residency program on January 28, 2009, and that she filed her EEOC complaint with EEOC on January 25, 2010, well after the 300-day limit.  The Court may consider only the facts alleged in the pleadings, documents attached or incorporated by reference, and matters susceptible to judicial notice.  *Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994); *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

order to allege compliance with the 300-day filing rule.

Courts have broad discretion to allow a party to amend its
pleading, and "should freely give leave when justice so
requires."  Fed. R. Civ. P. 15(a)(2).  This case was filed
relatively recently, and discovery is still at an early stage.
Granting leave to amend permits the parties to explore during
discovery the date of termination, which must be resolved to
determine compliance with the 300-day limit.

The court notes that the date of termination appears to be a
highly contested factual question.  Each party cites to sections
of depositions in support of their assessment as to when Dr.
Connors was terminated.  Defendants argue that the language of
Dr. Green's letter on January 28, 2009 makes clear that the
decision to terminate Dr. Connors's residency had been made.  Dr.
Connors argues that her termination occurred in July 2009, upon
the conclusion of the "fair hearing" process to which she was
entitled and the fulfillment of her clinical duties.  The facts
upon development may also support an equitable tolling argument.
These matters may be addressed at summary judgment once discovery
has been completed.

Defendants' Motion for Judgment on the Pleadings Regarding
Plaintiff's Discrimination Claim, ECF No. 34, is therefore
denied.  Plaintiff shall file an amended complaint addressing the
discrimination allegation within thirty days of the date of this
Order.

Dated at Burlington, Vermont this 21st day of January, 2011.


                        /s/ William K. Sessions III
                        William K. Sessions III
                        District Judge