UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 JAN 28  AM 10: 45

BY _____
     DEPUTY CLERK

| | |
|---|---|
| JENNIFER A. CONNORS, | |
| PLAINTIFF | |
| v. | CASE NO. 2:10-cv-94 |
| DARTMOUTH HITCHCOCK MEDICAL CENTER, DARTMOUTH MEDICAL SCHOOL, MARY HITCHCOCK MEMORIAL HOSPITAL, DARTMOUTH-HITCHCOCK CLINIC and TRUSTEES OF DARTMOUTH COLLEGE, | |
| DEFENDANTS | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND
### (Non-Redline Version)

PLAINTIFF, by and through counsel, complains against defendants, as follows, and seeks the remedies delineated herein:

### Jurisdiction

1. At all times relevant hereto, plaintiff resided in West Windsor Town and Windsor County in the State of Vermont.

2. At all times relevant hereto, defendants Dartmouth Hitchcock Medical Center ("DHMC"), Dartmouth Medical School ("DMS"), Mary Hitchcock Memorial Hospital ("MHMH") and Dartmouth-Hitchcock Clinic ("DHC") were non-profit corporations, with headquarters in New Hampshire, providing medical and/or educational services to residents of several states in the New England region from facilities in those states, including Vermont.

3. At all times relevant hereto, defendants Dartmouth Hitchcock Medical Center ("DHMC"), Dartmouth Medical School ("DMS"), Mary Hitchcock Memorial Hospital

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 1 of 8

      ("MHMH") and Dartmouth-Hitchcock Clinic ("DHC") were employers within the meaning of the Americans with Disabilities Act ("ADA") and its amendments, 42 U.S.C. Chapt. 126 and 47 U.S.C. Chapt. 5.

4. At all times relevant hereto, defendant Trustees of Dartmouth College ("college") was a state-chartered non-profit corporation providing medical and/or educational services to the public and was an employer within the meaning of the Americans with Disabilities Act ("ADA") and its amendments, 42 U.S.C. Chapt. 126 and 47 U.S.C. Chapt. 5.

5. The Court has jurisdiction over this matter as it involves a federal question based upon the ADA. 28 U.S.C. §1331.

## Venue

6. The Court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) because this is the District in which plaintiff resides and in which a substantial part of the events, acts and/or omissions giving rise to the claims occurred.

## Procedural Prerequisites

7. Plaintiff complained about defendants' actions, as described throughout this complaint, and exhausted defendants' administrative remedies concerning personnel actions.

8. Plaintiff was terminated in July, 2009 and filed her Equal Employment Opportunity Commission ("EEOC") complaint in December 2009, thus complying with the 300-day rule.

9. The EEOC issued a Notice of Right to Sue on March 9, 2010.

10. Fewer than 90 days have elapsed since plaintiff received the right-to-sue notice.

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 2 of 8

## Factual Allegations

11. Plaintiff graduated from medical school in 2003 and completed a residency program in pediatrics in 2006.

12. Plaintiff's physician diagnosed her with Attention-Deficit/Hyperactivity Disorder ("ADHD") in January 2003.

13. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

14. Eager to serve youngsters with psychiatric difficulties, complainant undertook additional graduate education with the objective of specializing in child psychiatry; her object was to become triple boarded in adult psychiatry, child psychiatry and pediatrics.

15. Defendants DHMC, DMS, DHC & MHMH employed complainant as a resident medical physician from June, 2006 until August, 2009.

16. Defendants DHMC, DMS, DHC & MHMH also employed Doctors Green and Watts who were plaintiff's supervisors.

17. Prior to acceptance of the employment/residency status with DHMC, DMS, DHC & MHMH, plaintiff advised defendants that she has ADHD and would require reasonable accommodations for it.

18. Defendants DHMC, DMS, DHC & MHMH understood that plaintiff has ADHD and agreed to provide reasonable accommodations for her to receive training, serve patients in and graduate from their residency program.

19. On the premise that defendants would provide reasonable accommodations for her disability, in June, 2006, plaintiff entered the graduate psychiatry residency program of DHMC, DMS, DHC & MHMH .

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074  Email: WattsLawFirmPC@gmail.com

Page 3 of 8

20. Defendants shared employer and/or supervisory status over complainant's residency program.

21. Technically, plaintiff was employed as a "House Officer" for MHMH, under contract as a resident physician with MHMH and DHMC and had academic standing, received training at DMS, which is part of the college and the college's employee assistance program.

## COUNT ONE: DISABILITY DISCRIMINATION
### (Americans with Disabilities Act)

22. Plaintiff incorporates the allegations contained in paragraphs 1-21 into this Count.

23. Defendants DHMC, DMS, DHC & MHMH provided only limited reasonable accommodations, for an abbreviated time.

24. Despite their agreement, promise and marginal effort to provide plaintiff with reasonable accommodations for her disability, defendants DHMC, DMS, DHC & MHMH failed and/or refused to initiate and/or discontinued proper reasonable accommodations for plaintiff's disability.

25. On numerous occasions plaintiff requested and reiterated her requests for reasonable accommodations so that she could continue employment, training and providing health care for defendants' patients.

26. Defendants subjected plaintiff to a higher standard of performance than other, similarly situated resident physicians in training.

27. Defendants subjected plaintiff to the rigors of three "fitness for duty" examinations, unlike other resident physicians.

28. Plaintiff passed the "fitness for duty" examinations.

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 4 of 8

29. Her supervisors commended her clinical performance.

30. At all times relevant to the claims, plaintiff was capable of performing the essential functions of her positions and training program so long as reasonable accommodations were provided.

31. In failing and/or refusing to provide adequate reasonable accommodations, defendants placed plaintiff in a position that they believed would justify terminating her for just cause from the residency program.

32. Despite plaintiff's successful substantive training record defendants terminated plaintiff's employment, eliminating her from the residency program for non-specific "serious underlying problems [that] inhibited her success."

33. Defendants' termination of plaintiff was not based on any reasonable medical, operational or academic justification; the discharge was based on her disability in the context of their failure/refusal to provide reasonable accommodations for her disability.

34. Defendants' adverse employment actions against plaintiff violated the ADA.

35. As a direct and proximate result of defendants' actions, plaintiff suffered irreparable injuries, including but not limited to loss of career opportunities, compensation and benefits as well as other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which seeks compensation.

## COUNT TWO: ILLEGAL RETALIATION

36. Plaintiff incorporates the allegations contained in paragraphs 1-35 into this Count.

37. During her residency/employment, plaintiff complained about defendants' failure

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 5 of 8

to provide adequate reasonable accommodations for her disability.

38. During her residency/employment, plaintiff complained that defendants failed and/or refused to provide adequate and reasonable accommodations for her disability.

39. Specifically, plaintiff complained that defendants engaged in stigmatizing her because of her disability.

40. In retaliation for her complaints and requests for accommodations for her disability, defendant subjected plaintiff to a highly unusual array of three "fitness for duty" examinations – which she passed.

41. Defendants' termination of plaintiff from the residency program, and from her employment, constituted retaliation against her for having complained of disability discrimination.

42. As a direct and proximate result of defendants' actions, plaintiff suffered irreparable injuries, including but not limited to loss of career opportunities, compensation and benefits as well as other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which seeks compensation.

## COUNT THREE: BREACH OF CONTRACT

43. Plaintiff incorporates the allegations contained in paragraphs 1-42 into this Count.

44. Plaintiff held the residency position under express and/or implied promises of job security, adequate educational and training experiences, appropriate supervision and counseling, reasonable accommodations to her disability as well as a work environment conducive to performing as a resident physician, all of which were

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 6 of 8

memorialized in defendants' written policies and agreements and discussions between the parties.

45. In addition to reneging on the agreement to provide the foregoing job situation, defendants fired plaintiff from the residency program and her employment for just cause.

46. There is insufficient or no just cause that justified discharging plaintiff from the residency program or her employment.

47. Defendants' termination of plaintiff as a resident physician constituted a willful breach of the contract between the parties.

48. As a direct and proximate result of defendants' actions, plaintiff suffered irreparable injuries, including but not limited to loss of career opportunities, compensation, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she demands compensation from defendants.

## COUNT FOUR:
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

49. Plaintiff incorporates the allegations contained in paragraphs 1-48 into this Count.

50. Every contract carries with it an implied obligation of good faith and fair dealing, whether the contract is express or implied.

51. The obligation of good faith performance requires the contract parties to act consistent with common standards of decency, fairness and reasonableness and with the parties agreed-upon common purposes and justified expectations.

52. Defendants failed and/or refused to act according to the obligation and the covenant.

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074  Email: WattsLawFirmPC@gmail.com

Page 7 of 8

53. Defendants' conduct, as described, breached the obligation and the covenant.

54. Breach of the covenant justifies the imposition of tort damages upon the offending party.

55. As a direct and proximate result of defendants' actions, plaintiff suffered irreparable injuries, including but not limited to loss of career opportunities, compensation, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she demands compensation from defendants.

**WHEREFORE**, plaintiff respectfully requests the following remedies:

A. Judgment against defendant for the aforementioned claims;

B. For all compensatory, emotional distress and punitive damages with respect to the statutory, tort and contract claims in an amount that the jury determines to be just;

C. For reasonable costs and attorneys' fees; and

D. For all other equitable and legal relief to which plaintiff is entitled.

**NOTICE: PLAINTIFF DEMANDS A JURY TRIAL**

Dated: 1/27/2011

JENNIFER A. CONNORS,
PLAINTIFF

Norman E. Watts
Watts Law Firm PC
Plaintiff's Counsel

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 8 of 8