UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JENNIFER A. CONNORS, | \| |
| PLAINTIFF | \| |
| v. | \| |
| | \|   CASE NO.   2:10-cv-94 |
| DARTMOUTH HITCHCOCK MEDICAL CLINIC, | \| |
| DARTMOUTH MEDICAL SCHOOL, | \| |
| MARY HITCHCOCK MEMORIAL HOSPITAL, | \| |
| DARTMOUTH-HITCHCOCK CLINIC and | \| |
| TRUSTEES OF DARTMOUTH COLLEGE, | \| |
| DEFENDANTS | \| |

### *PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS FOR TRIAL*

[PLEASE NOTE: Plaintiff first responds to defendants' Statement of Undisputed Material Facts, in sequential order, followed by plaintiff's additional genuine issues of material facts for trial.]

1. Admitted.

2. Admitted plaintiff met with Dr. Ronald Green on January 28, 2009 and Dr. Green expressed his intent to terminate her both verbally and in a letter dated that day. Otherwise denied. Please refer to paragraphs 9-11 below.

3. Admitted.

4. Admitted December 7, 2009 is three hundred thirteen (313) days after January 28, 2009. Otherwise denied. Please refer to paragraphs 9-11 below.

5. Denied. Please refer to paragraphs 6-11 below.

### *Plaintiff's Additional Genuine Issues of Material Facts for Trial*

6. Dr. Connors continued in the residency program until May 2009. She participated

Watts Law Firm PC,  PO Box 270,  Woodstock VT 05091-0270
Tel (802) 457-1020    Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 1 of  3

in psychiatry consultations, neurology sessions, didactics and case conferences, child psychopharmacology clinic, adult psychopharmacology clinic and continued attending to psychiatric patients. (Exhibit 1 "Block Schedules 6/06-5/24/09).

7. Defendants neglect to provide testimony in which Dr. Connors avers that her understanding was that the "fair hearing" process, which occurred in July 2009, was for residents " who essentially were on the verge of getting fired." The director of the graduate medical education program, Jake Kelleher, informed her of that fact. (Exhibit 2, Connors Transcript, 60:11-12).

8. Defendants previously presented Dr. Green's 1/28/09 "dismissal" letter and plaintiff's deposition testimony concerning the same. The only new evidence that they present with the motion that is relevant to the timing issue is Dr. Connors' 1/28/09 email to Sara Koury, then director/counselor in the Employee Assistance Program ("EAP"), indicating that one of the claims that Dr. Green cited for advocating Dr. Connors' dismissal, that she failed to participate in the EAP, as directed, was false. (Exhibit 3, 2/12/09 Koury Letter).

9. In the Koury email (Defendants' Exhibit J), Dr. Connors highlighted the tentative nature of Dr. Green's "dismissal" of her. She indicated that Dr. Green stressed that she would actually be discharged, denied the opportunity to resign and denied a employment reference letter if she pursued the "fair hearing" process. (Defendant's Exhibit J, 1/28/09 Connors-Koury Email, para 3).

10. Dr. Connors observed that Dr. Green's observations "made no sense" to her. (*Id.* @ p.2, para 1).

Watts Law Firm PC, PO Box 270, Woodstock VT 05091-0270
Tel (802) 457-1020   Fax (802) 432-1074   Email: WattsLawFirmPC@gmail.com

Page 2 of 3

11.	In response, Ms. Koury suggested that the alleged dismissal was not a final decision. She indicated that a dismissal should not be a "surprise to you," and that it "really shouldn't be the case." She suggested that Dr. Connors seek recourse with human resources. The evidence adds to the tenuous nature of the alleged dismissal. (Defendants' Exhibit K).

                                                      Respectfully Submitted,

                                                      JENNIFER CONNORS
                                                      PLAINTIFF

Dated:   5/4/11   .　　　　　　　　　　　　　　/s/Norman E. Watts
                                                      Norman E. Watts, Esquire
                                                      Watts Law Firm, PC
                                                      Attorney for Plaintiff