UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JENNIFER A. CONNORS, )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>DARTMOUTH HITCHCOCK MEDICAL CENTER )<br>DARTMOUTH MEDICAL SCHOOL, )<br>MARY HITCHCOCK MEMORIAL HOSPITAL )<br>DARTMOUTH-HITCHCOCK CLINIC and )<br>TRUSTEES OF DARTMOUTH COLLEGE ) | Case No.: 2:10-cv-94 |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT SUMMARY JUDGMENT OF PLAINTIFF'S DISABILITY DISCRIMINATION AND RETALIATION CLAIMS

NOW COME the Defendants, Dartmouth Hitchcock Medical Center, Dartmouth Medical School, Mary Hitchcock Memorial Hospital, Dartmouth-Hitchcock Clinic and Trustees of Dartmouth College and submit the following reply memorandum of law in support of Defendants' Motion for Summary Judgment.

    I.    **Plaintiff Fails to Establish the Presence of a Genuine Dispute Regarding the Timing of Her Termination.**

        *a. The Court Has Yet to Rule on Factual Issues in This Case.*

In her Opposition (Doc. No. 64), Dr. Connors attempts to interpret this Court's prior Order (Doc. No. 49, dated January 21, 2011) as ruling that "the timing issue is purely a factual question for the jury." However, the Court's ruling, which was decided based upon the Court's discretion to allow Dr.

{C0820187.1}                                    1

Connors to amend her Complaint and not upon documentary evidence, states only that "the date of termination **appears to be** a highly contested factual question." Order, p. 3 (emphasis added).  Contrary to Dr. Connors' assertion, the relevant dictum does not foreclose the possibility of summary judgment on this issue, which the Court expressly states would be an option.  *Id.* Thus, the Court's prior Order in no way restricts the Court's ability to grant summary judgment in favor of Defendants at the present time.

> b. It is Undisputed That Plaintiff Received Unconditional Notice of Termination on January 28, 2009.

Dr. Connors cites *Smith v. United Parcel Service,* 65 F. 3d 266 (2d Cir. 1995), in support of the proposition that she did not receive definite notice of her termination on January 28, 2009.  However, *Smith* provides no support for her argument.  In that case, the Court ruled that the defendant employer's statements that "there comes a time when you have to move in new directions," and "there comes a time when, through no fault of either party...there should be a separation of ways," were insufficiently definite to be considered notice of dismissal as a matter of law, and remanded the case for a jury trial.  *Id.* at 276.

Unlike the *Smith* plaintiff, Dr. Connors received a termination letter from her supervisor, Dr. Ronald Green, on January 28, 2009, which unambiguously and unconditionally states in the present tense "you **are dismissed** from our training program." (Defendants' Exhibit G)(emphasis added), Plaintiff's Statement of Disputed Material Facts ""SMDF") ¶ 2.)  The plain meaning of the words is clear, and were more than sufficient to provide

Dr. Connors with notice that an allegedly discriminatory act had occurred. *See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80* (2d Cir. 2003)("intent to terminate" notice sufficient to trigger 300 day filing period); *Miller v. Int'l Tel. & Tel. Corp.*, 755 F. 2d 20, 24(2d Cir. 1985)(the "mere possibility [a] decision might be reversed [is] not enough to label it advisory or ineffective for time-bar purposes"). Moreover, Dr. Green's verbal notice of dismissal was also definite, which Dr. Connors admitted on deposition. (Jennifer Connors, M.D., deposition transcript ("Connors"), pp 50-54, attached as Exhibit AA.) Dr. Connors' sworn admission on deposition that she was provided with objectively definite verbal and written notice of termination on January 28, 2009, cannot now "be contradicted for the purpose of creating an issue of fact." *Miller*, 755 F. 2d at 24.

Dr. Connors may now characterize the notice of dismissal as "tenuous," but she attempts to support this argument with facts relating to Defendants' conduct subsequent to her receipt of definite notice of termination, claiming Defendants' conduct led her to believe that the decision would not be final until the conclusion of the Fair Hearing process. These facts relate to the issue of equitable tolling, and not to whether Dr. Connors received definite notice of her termination on January 28, 2009.

Thus there is no genuine dispute of material fact that Dr. Connors was provided definite notice of termination on January 28, 2009, nor that she failed to timely file her EEOC charge within 300 days of receiving that notice.

> c. *The effect of Plaintiff's internal administrative appeal on the finality of her termination is a matter of law that does not create a genuine dispute of material fact.*

As previously discussed in Defendants' Memorandum of Law in Support of Summary Judgment (Doc. No. 57-3), it is a well-settled point of law that a plaintiff's decision to engage in an internal administrative appeal process does not delay the commencement of the 300-day time period for filing an EEOC charge of discrimination or render the dismissal subject to the appeal inconclusive or ineffective for time bar purposes. *See e.g., Del. State Coll. V. Ricks*, 449 U.S. 250 (1980); *Cherry v. City of New York*, No. 09-2581-cv, 2010 U.S. App. LEXIS 12534 (2d Cir. June 18, 2010)(unpublished); *Woodruff v. Nat'l R.R. Passenger Corp.*, No. 10-0325-cv, 2010 U.S. App. LEXIS 26141(Dec. 22, 2010)(unpublished).  Thus, as a matter of law, Dr. Connors' dismissal was final upon her receipt of definite notice of the same on January 28, 2009.  Dr. Connors' decision to pursue the Graduate Medical Education Fair Hearing process (SMDF ¶¶ 7, 9 &11) does not create a genuine issue of material fact regarding the date upon which her termination was final.

II. **Plaintiff Fails to Show the Existence of a Genuine Dispute of Material Fact Regarding Whether She is Entitled to the Application of Equitable Tolling.**

> a. *Equitable Tolling is Narrowly Construed and Rarely Applied.*

Dr. Connors relies on *Smith v. American President Lines, Ltd.*, 571 F. 2d 102 (2d Cir. 1978), to support the proposition that generally "Courts must construe the procedural requirements of Title VII with liberality." (Plaintiff's Opposition, p. 5.)  However, since that case was decided by the Second Circuit

Court of Appeals more than three decades ago, the Supreme Court of the United States has held specifically that "[i]n the context of a request to alter the timely filing requirements of Title VII, this Court has stated that 'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)(citing *Mohasco Corp. v. Silver*, 477 U.S. 807, 826 (1980)).

In accordance with this general principal, equitable tolling, in the context of requests to alter the timely filing requirements of Title VII, is rarely applied. *Cherry*, No. 09-2581-cv, 2010 U.S. App. LEXIS 12534 at *4-5 (citing *Zerilli-Edelglass,* 333 F. 3d at 80 (internal citation omitted)). A plaintiff seeking equitable tolling must show not only that she acted with reasonable diligence during the time period she seeks to have tolled, she must also prove "that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass,* 333 F. 3d at 81 (citation omitted). A trial court's decision to deny equitable tolling is reviewed for abuse of discretion. *Id*.

> b. *Circumstances that do not delay the accrual of a claim as a matter of law may not provide a basis for the application of the equitable tolling of the statutory deadline.*

Although Dr. Connors cites the *Smith* decision to support her position, the court in that case ruled that the plaintiff was not entitled to the application of equitable tolling to excuse his failure to timely file a charge of discrimination. The *Smith* plaintiff, who, like Dr. Connors, was represented by counsel prior to the expiration of the deadline for filing his EEOC charge,

claimed he failed to timely file an EEOC charge based upon a mistake of law. 571 F. 2d at 109-110 (alleging he was unaware of his statutory rights). The court held that this mistake of law was insufficient to invoke equitable tolling where plaintiff had the advice of counsel at his disposal. *Id*. *See also Miller*, 755 F. 2d at 23.

Dr. Connors is a well-educated, sophisticated plaintiff who has been represented by her present counsel as of at least July 8, 2009, approximately 140 days in advance of the filing deadline at issue, and prior even to the Fair Hearing Committee decision. (*See* e-mail string dated July 8, 2009 between Norman E. Watts and Edward M. Kaplan, attached as Exhibit BB.) Dr. Connors' attorney was aware prior to the EEOC filing deadline that Dr. Connors had been terminated months prior to the Fair Hearing process. (*See* letter from Norman E. Watts to Edward M. Kaplan, dated October 19, 2009, attached as Exhibit CC.) Under these circumstances, so-called disputed facts that relate to Dr. Connors' misapprehension of the law, as will be discussed below, cannot provide an adequate basis for the application of equitable tolling.

        I.    *Continued employment.*

Dr. Connors argues that her continued participation in the residency program for several months following her termination supports the application of equitable tolling. (SDMF ¶ 9.) The Second Circuit Court of Appeals has held that allowing a plaintiff to continue to participate in a program for a finite period of time following notice of termination "has no effect on when the statute of limitation period begins to run." *Morse v. Univ. of Vermont*, 973 F.

2d 122, 125 (2d Cir. 1992)(accrual of federal disability discrimination claim not delayed where student-plaintiff allowed to continue to take classes pending internal administrative appeal following notice of dismissal); s*ee also Ricks*, 449 U.S. 250 (contractual engagement for one year of employment following notice of denial of tenure does not toll filing period, which commenced upon notice of denial).

The Defendants allowed Dr. Connors to complete her PGY-3 following notice of her termination from the residency program. However, Dr. Connors' misapprehension that Defendants' act delayed the accrual of her discrimination claim is a mistake of law that does not entitle her to the application of equitable tolling of the statutory deadline.[1] She cannot claim that she was "actively misled" or "lulled into inaction" where established law clearly provides she should have filed within 300-days of receiving notice of her dismissal on January 28, 2009, regardless of whether she was allowed to continue to work for a finite period of time following that notification.

## II.     *The GME internal administrative appeal process.*

Likewise, the existence of an internal administrative appeal process (SMDF ¶¶ 7 & 9) fails to support the application of equitable tolling. As previously discussed, it is a well-established point of law that a plaintiff's decision to engage in an internal administrative appeal process does not toll the deadline for filing a discrimination charge, nor does it delay the accrual of a claim. Thus, facts regarding Dr. Connors' awareness and pursuit of an

---

[1] In fact, the very evidence that Dr. Connors cited in support of this argument (Plaintiff's Exhibit 1) states on page 6, "-- PGY 3 CONTRACT EXPIRES 1/6/2009 -- /-- DISMISSAL 1/28/2009 --."

internal administrative appeal cannot provide a basis for the application of equitable tolling.

> c. *Plaintiff Fails to Produce Any Evidence That Would Otherwise Support the Application of Equitable Tolling to Her Failure to Timely File a Charge of Discrimination.*

Dr. Connors admits that "the time period [for filing] commences upon the employer's commission of a discriminatory act and is not tolled or delayed pending the employee's realization that the conduct was discriminatory unless the employee was **actively misled** by his employer." (Opposition, p. 5 (emphasis added), citing *Miller,* 755 F. 2d at 23.) An employee is "actively misled" if she "has been induced or tricked by his adversary's **misconduct** into allowing the filing deadline to pass." *Falso v. Gates Chili Cent. Sch. Dist.*, No. 10-448-cv, 2011 U.S. App. LEXIS 2452 at *4-5 (2d Cir. Feb. 7, 2011)(unpublished)(emphasis added), citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

At most, the evidence Dr. Connors cites in support of the existence of disputed material facts indicates that she was informed of the GME internal administrative appeal process and the possible consequences of invoking that process. (SMDF ¶¶ 9 & 11.) The statement Dr. Connors alleges was made by Jake Kelleher (SMDF ¶ 7) occurred more than a year before she received definite notice of her dismissal (Connors, p. 60, line 15 (Plaintiff's Exhibit 2)), and is irrelevant by virtue of both substance and timing to any claim that Defendants "actively misled" her regarding the nature of her dismissal after she received definite notice of the same.

Likewise, Dr. Connors' factual assertions in Plaintiff's Statement of Material Disputed Facts Paragraphs 8, 10 and 11, fail to provide any support for the proposition that Defendants actively misled Dr. Connors so that she would be barred from bringing her present claims.  Sara Koury's complete statement response to Dr. Connors' e-mail notifying Ms. Koury of Dr. Connors' dismissal is: "It seems as tho it came as a complete surprise to you, and that really shouldn't be the case." (Defendants' Exhibit K.)  This statement cannot reasonably be interpreted as inducing Dr. Connors into believing her dismissal was not final, much less that Ms. Koury intended to induce Dr. Connors into allowing the filing deadline to elapse.

Nor can Ms. Koury's act of providing appropriate contact information for human resources personnel support a claim that Defendants' intentionally misled Dr. Connors regarding her employment status.  In fact, the human resources representative to whom Dr. Connors was referred specifically informed her, regarding her termination: "You may also bring the whole matter to your attorney or to the NH Equal Employment Opportunity Position [sic] for review before deciding" whether to pursue the fair hearing process.  (E-mail from Michael Landon to Jennifer Connors, dated February 11, 2009, attached as Exhibit DD.)

Finally, without evidentiary support, Dr. Connors baldly asserts that "Dr. Green's uncertain attitude misled Dr. Connors into believing that her dismissal was not final." (Opposition, p. 5.)  To the contrary, the undisputed facts in the record show that Dr. Green steadfastly refused to reconsider his decision to

terminate Dr. Connors, and informed her of his refusal on numerous occasions. Dr. Green's consistent position regarding his decision to terminate Dr. Connors in accordance with the written and verbal termination notice he provided her on January 28, 2009, is documented by numerous sources, including Dr. Connors herself. (*See e.g.*, Memorandum by Jennifer Connors, dated Feb. 13, 2009, attached as Exhibit EE; Letter from Jennifer Connors to Ronald Green, dated Feb. 10, 2009, attached as Exhibit FF.)

### IV.   Conclusion

For the foregoing reasons, summary judgment should be granted in favor of Defendants on Dr. Connors' claims of disability discrimination and retaliation (Counts One and Two) in violation of the Americans with Disabilities Act.

**WHEREFORE**, Defendants pray that Counts One and Two of the Complaint in this matter be dismissed, and for such other and further relief as may be just.

Respectfully submitted,

**DARTMOUTH HITCHCOCK MEDICAL CENTER**
**DARTMOUTH MEDICAL SCHOOL**
**MARY HITCHCOCK MEMORIAL HOSPITAL**
**DARTMOUTH-HITCHCOCK CLINIC and TRUSTEES OF DARTMOUTH COLLEGE**

Dated: May 18, 2011            By   /s/ Edward M. Kaplan
                                         Edward M. Kaplan (Pro Hac Vice)
                                         Sulloway & Hollis, P.L.L.C.
                                         9 Capitol Street
                                         Concord, NH 03301
                                         603/223-2862

## CERTIFICATE OF SERVICE

**Served electronically:**

Norman E. Watts, Esquire
Watts Law Firm, PC
PO Box 270
Woodstock, Vermont 05091.

Dated:  May 18, 2011                              By   /s/ Edward M. Kaplan
                                                              Edward M. Kaplan