UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Jennifer A. Connors, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:10-cv-00094-wks |
| | § | Civil Action No. 2:12-cv-00051-wks |
| Dartmouth Hitchcock Medical Center and | § | |
| Mary Hitchcock Memorial Hospital, | § | |
| *Defendants*. | § | |

## DEFENDANTS' PRELIMINARY REQUEST FOR JURY INSTRUCTIONS

Defendants Dartmouth Hitchcock Medical Center and Mary Hitchcock Memorial Hospital, by and through their counsel, Sulloway & Hollis, P.L.L.C., hereby submit the following preliminary requests for jury instructions.[1]  Defendants reserve the right to withdraw or modify any request, or propose any additional requests, in accordance with the evidence.

## GENERAL INSTRUCTIONS

1.    Defendants understand that the Court has general instructions and requests that the same be given (after the parties have an opportunity to propose any modifications) for:  the role of the jury; corporations being equal under the law; evidence in the case; questions not evidence; direct, indirect, or circumstantial evidence; credibility of witnesses; number of witnesses; opinion evidence – expert witnesses; deposition testimony (if applicable); verdicts;

---

[1]Defendants have filed a motion *in limine* regarding plaintiff's claim for damages. Instructions regarding damages may vary depending on the outcome of the motion.  Defendants have also filed a motion for reconsideration regarding the Court's ruling on their summary judgment motion as to plaintiff's contract claims (including the issue of whether New Hampshire or Vermont law applies to such claims).  As such, defendants expect and reserve the right to supplement this preliminary request for jury instructions when the Court rules on these motions. Also, following the Court's ruling on defendants' pending motions, defendants expect to submit a proposed special verdict form for the Court's consideration

instructions of law; burden of proof and preponderance of the evidence; effect of instructions as to damages; damages; compensatory damages not punitive; effect of taxes; and duty to mitigate.

## DISCRIMINATION CLAIMS
### (PRELIMINARY PROPOSED INSTRUCTIONS)

2.  Under Vermont's Fair Employment Practices Act ("FEPA"), an employer may not discriminate against a qualified employee with a disability.  21 V.S.A. § 495.

3.  With respect to plaintiff's claims under FEPA, the question for you is not whether plaintiff in your view was treated well or fairly, but whether illegal discrimination or retaliation occurred.  In considering defendants' reasons for any adverse employment action, bear in mind that defendants are entitled to exercise their discretion and make their own judgments concerning plaintiff's performance.  Defendants had the right to make decisions concerning plaintiff for good reasons, for bad reasons, or even for no reason at all, so long as their decisions were not based on unlawful discrimination or retaliation.  In order to prevail, plaintiff must demonstrate that intentional discrimination or retaliation was behind the personnel actions concerning her medical residency.  *See* Opinion and Order at 16.

4.  With respect to plaintiff's claim under FEPA that she was dismissed from the defendants' residency program because she had a physical or mental impairment, plaintiff must prove that:  (1) she was a qualified individual with a disability; (2) she suffered adverse employment actions; and (3) the circumstances surrounding any adverse employment actions permit an inference of discrimination.  *See Boulton v. CLD Consulting Engineers, Inc.*, 175 Vt. 413, 421, 834 A.2d 37, 44 (2003) (applying the *McDonnell Douglas* "three-step burden-shifting analysis… to FEPA claims"); *Robertson v. Mylan Labs., Inc.*, 176 Vt. 356, 368, 848 A.2d 310, 321 (2004); *Wega v. Center for Disability Rights Inc.*, 2010 U.S. App. LEXIS 20948 at **5-6

(2d Cir. October 8, 2010) (*citing Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998)).

5.      If plaintiff is able to meet her burden, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action.  The employer's burden is solely one of production, not persuasion.  *Boulton v. CLD Consulting Engineers, Inc.*, 175 Vt. 413, 421, 834 A.2d 37, 44 (2003); *Robertson v. Mylan Labs., Inc.*, 176 Vt. 356, 368, 848 A.2d 310, 321 (2004).

6.      If the employer meets this burden of production, the burden shifts back to plaintiff to prove by a preponderance of evidence that the legitimate reasons given by the employer are a pretext for discrimination.  This is in keeping with the fact that the ultimate burden of persuasion that the employer intentionally discriminated against plaintiff remains at all times with plaintiff. *Boulton v. CLD Consulting Engineers, Inc.*, 175 Vt. 413, 421, 834 A.2d 37, 44 (2003); *Robertson v. Mylan Labs., Inc.*, 176 Vt. 356, 368, 848 A.2d 310, 321.

7.      Under FEPA, an employer may not discharge or in any other manner discriminate against any employee because such employee has lodged a complaint of discriminatory acts or practices or has cooperated with the attorney general or a state's attorney in an investigation of such practices, or is about to lodge a complaint or cooperate in an investigation, or because such employer believes that such employee may lodge a complaint or cooperate with the attorney general or state's attorney in an investigation of discriminatory acts or practices.  21 V.S.A. § 495(a)(5).

8.      Under FEPA, a plaintiff bears the initial burden of establishing, by a preponderance of the evidence, a prima facie case of retaliation.  *Gallipo v. City of Rutland*, 178 Vt. 244, 250, 882 A.2d 1177, 1182 (2005).

9.     To establish a prima facie case for retaliatory discrimination under FEPA, plaintiff must prove that: (1) she was engaged in protected activity; (2) her employer was aware of the activity; (3) she suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action.  *Gallipo v. City of Rutland*, 178 Vt. 244, 250, 882 A.2d 1177, 1182 (2005).  *See Robertson v. Mylan Labs., Inc.*, 176 Vt. 356, 376, 848 A.2d 310, 327-38 (2004) (same).

10.     If plaintiff establishes a prima facie case of retaliatory discrimination, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action.  The employer's burden is solely one of production, not persuasion. *Robertson v. Mylan Labs., Inc.*, 176 Vt. 356, 376, 848 A.2d 310, 327-38 (2004).

11.     If the employer carries this burden of production, plaintiff must demonstrate that the employer's reasons are pretext for discriminatory retaliation.  This is in keeping with the fact that the ultimate burden of persuasion that the employer intentionally retaliated against plaintiff remains at all times with plaintiff.  *See Robertson v. Mylan Labs., Inc.*, 176 Vt. 356, 376, 848 A.2d 310, 327-38 (2004).

12.     With respect to plaintiff's claim under FEPA that defendants failed to reasonably accommodate a physical or mental limitation, plaintiff has the burden of proving that:  (1) she was an employee with a disability within the meaning of FEPA; (2) defendants are employers covered by the statute and had notice of her disability; (3) with reasonable accommodation to her disability, plaintiff could perform the essential functions of the job at issue; (4) plaintiff requested such accommodation(s) from defendants; and (5) defendants refused to make such accommodations.  *Bhatt v. University of Vermont*, 184 Vt. 195, 958 A.2d 637 (2008); *McBride v. BIC Consumer Products Manufacturing Co., Inc.*, 583 F.3d 92 (2d Cir. 2009).  *See McElwee v.*

*County of Orange*, 2012 U.S. App. LEXIS 23564 **11-12 (2d Cir. November 15, 2012) (an element of a failure to accommodate claim is that defendant failed to make a reasonable accommodation requested by plaintiff); 21 V.S.A. § 495d(6)(A) (defining "qualified individual with a disability").

13.     Plaintiff bears the burden of both production and persuasion that a requested accommodation was both reasonable and necessary to allow her to perform the essential functions of her position.  *McElwee v. County of Orange*, 2012 U.S. App. LEXIS 23564 *16 (2d Cir. November 15, 2012).

14.     The relevant time for assessing whether an employee is capable of performing the essential functions of her job is when the accommodation is requested.  *Decker v. Vermont Educational Television, Inc.*, 13 F.Supp.2d 569 (D. Vt. 1998).

15.     An "employee" under FEPA means a person who may be permitted, required or directed by an employer, in consideration of direct or indirect gain, to perform services.  21 V.S.A. § 495d(2).

16.     An employee "with a disability" under FEPA means an employee who:  (a) has a physical or mental impairment which substantially limits one or more major life activities; (b) has a history or record of such an impairment; or (c) is regarded as having such an impairment. 21 V.S.A. § 495d(5).

17.     "Physical or mental impairment" under FEPA means (a) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genito-urinary; hemic and lymphatic; skin; or endocrine; (b) any mental or psychological disorder, such as mental

retardation, organic brain syndrome, emotional or mental illness, and specific learning

disabilities; (c) the term "physical or mental impairment" includes but is not limited to such

diseases and conditions as orthopedic, visual, speech and hearing impairments, cerebral palsy,

epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, mental

retardation, emotional illness, and drug addiction and alcoholism.  21 V.S.A. § 495d(7).

18.     "Substantially limits" under FEPA means the degree that the impairment affects

an individual's employability.  An individual with a disability who is likely to experience

difficulty in securing, retaining, or advancing in employment would be considered substantially

limited.  21 V.S.A. § 495d(8).

19.     If plaintiff claims that her ability to work is substantially limited, she must show

that her condition generally forecloses the type of employment at issue.  *Lowell v. International

Business Machines Corp.*, 955 F. Supp. 300 (D. Vt. 1997).

20.     "Major life activities" under FEPA means functions such as caring for one's self,

performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working, and

receiving education or vocational training.  21 V.S.A. § 495d(9).

21.     "Has a history or record of such an impairment" under FEPA means that the

individual has a history of, or has been misclassified as having, a mental or physical impairment

that substantially limits one or more life activity.  21 V.S.A. § 495d(10).

22.     "Is regarded as having such an impairment" under FEPA means that the

individual (a) has a physical or mental impairment that does not substantially limit major life

activities but that is treated by an employer as constituting such a limitation; (b) has a physical or

mental impairment that substantially limits major life activities only as a result of the attitudes of

others toward such impairment; or (C) has none of the impairments defined in subdivision (7)(A)

of this section but is treated by an employer as having such an impairment.  21 V.S.A. §

495d(11).

23.     A "qualified" employee with a disability under FEPA means an employee "with a

disability" who is capable of performing the essential functions of the job with reasonable

accommodation to the disability.  21 V.S.A. § 495d(6)(A).

24.     If plaintiff is not a qualified disabled individual, then she has no actionable claim

under FEPA.  *State of Vermont v. G.S. Blodget Co.*, 163 Vt. 175, 184 (1995).

25.     "Employer" under FEPA means any individual, organization, or governmental

body doing business in or operating within this state, and any agent of such employer, which has

one or more individuals performing services for it within this state.  21 V.S.A. § 495d(1).

26.     An entity may be an employer under FEPA even if does not have the power to

fire the employee.  *Fernot v. Crafts Inn, Inc.*, 895 F. Supp. 668 (D. Vt. 1995).

27.     "Reasonable accommodation" under FEPA means the changes and modifications

which can be made in the structure of job or in the manner in which a job is performed unless it

would impose an undue hardship on the employer.  Reasonable accommodation may include:

(a) making the facilities used by the employee, including common areas used by all employees

such as hallways, restrooms, cafeterias and lounges, readily accessible to and usable by

individuals with disabilities; and (b) job restructuring, part-time or modified work schedules,

acquisition or modification of equipment or devices and other similar actions.  21 V.S.A. §

495d(12).

28.     A reasonable accommodation can never involve the elimination of an essential

function of a job.  *Shannon v. N.Y.C. Transit Authority*, 332 F.3d 95, 100 (2d Cir. 2003);

*Robertson v. Neuromedical Center*, 983 F. Supp. 669, 674 (M.D. La. 1997), *aff'd*, 161 F.3d 292 (5th Cir. 1998).

29.     The essential functions of a job include the fundamental duties of the employment position.  *McBride v. BIC Consumer Products Manufacturing Co., Inc.*, 583 F.3d 92, 98 (2d Cir. 2009); 29 C.F.R. § 1630.2(n)(1).

30.     Evidence of whether a particular job duty constitutes an essential function take account of the employer's judgment as to what functions of a job are essential, including as may be set forth in any written job description.  *McBride v. BIC Consumer Products Manufacturing Co., Inc.*, 583 F.3d 92, 98 (2d Cir. 2009); 29 C.F.R. § 1630.2(n)(3).

31.     Deference must be given to an employer's judgment as to what functions are essential to the responsible provision of patient care in a hospital setting.  *Davis v. The New York City Health and Hospital Corp.*, 2013 U.S. App. LEXIS 1648 *4 (2d Cir. January 25, 2013).  *See McBride v. BIC Consumer Products Manufacturing Co., Inc.*, 583 F.3d 92, 98 (2d Cir. 2009).

32.     An employee does not have the right to redefine or eliminate the functions of a job deemed essential by an employer.  *Davis v. The New York City Health and Hospital Corp.*, 2013 U.S. App. LEXIS 1648 **4-5 (2d Cir. January 25, 2013).

33.     The ability to follow the orders of supervisors is an essential element of any position and employees must be on-time and at work in order to perform the essential functions of their jobs.  *Mancini v. General Electric Co.*, 820 F. Supp. 141, 147 (D. Vt. 1993).

34.     The reasonable accommodation an employer must make for an employee's disability does not include an obligation to transfer the employee to allow her to work under a different supervisor.  *Brace v. International Business Machines Corp.*, 953 F. Supp. 561 (D. Vt. 1997).

35.     A request for an employer to have more patience and tolerance with an employee is not a reasonable accommodation.  *McElwee*, 2012 U.S. App. LEXIS 23564 at *26 (*citing K.H. ex rel. K.C. v. Vincent Smith School*, 2006 U.S. Dist. LEXIS 22412 at *24 (E.D.N.Y. March 29, 2006).

36.     Tolerance of dishonesty is not a reasonable accommodation.  *Hall v. Wal-Mart Assocs.*, 373 F.Supp.2d 1267, 1272 (M.D. Ala. 2005).

37.     It is the responsibility of the individual with a disability to inform the employer that an accommodation is needed.  *Theilig v. United Tech Corp., Pratt & Whitney Div.*, 2011 U.S. App. LEXIS 6074 (2d Cir. 2011).

38.     Defendants may not be found liable for any alleged failure to conduct an inquiry to determine whether plaintiff required a particular accommodation.  *State v. G.S. Blodgett Co.*, 163 Vt. 75, 656 A.2d 984 (D. Vt. 1995).

39.     An employer need not provide an accommodation that would impose an undue hardship on the employer or that would pose a direct threat to the safety of others. 21 V.S.A. § 495d(12).  *See Robertson v. Neuromedical Center*, 983 F. Supp. 669, 674 (M.D. La. 1997), *aff'd*, 161 F.3d 292 (5th Cir. 1998) (the ADA does not require an employer to accommodate a physician whose ADHD symptoms posed a direct threat to the safety of patients by causing "mistakes to be made in patients charts and mistakes in dispensing medicine").

40.     Factors to be considered in determining whether an undue hardship is imposed by the requirement that reasonable accommodations be made for an individual with a disability include:  (i) the overall size of the employer's operation with respect to the number of employees, number and type of facilities, and size of budget; and (ii) the cost of the accommodation needed. 21 V.S.A. § 495d(12).

41.     An employer's willingness to accommodate an essential function does not render the job function inessential or mean that it has an obligation to continue to do so. *Davis v. The New York City Health and Hospital Corp.*, 2013 U.S. App. LEXIS 1648 *6 n. 3 (2d Cir. January 25, 2013). *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1257 n.3 (11th Cir. 2001); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1527 (11th Cir. 1997); *Phelps v. Optima Health, Inc.*, 251 F.3d 21, 26 (1st Cir. 2001).

42.     Plaintiff may only recover economic damages for her claims under FEPA. Plaintiff may not recover non-economic damages, including damages for any alleged pain and suffering, mental anguish, emotional distress, humiliation, or embarrassment.

43.     Any economic damages must not be speculative. *Schnabel v. Nordic Toyota, Inc.*, 168 Vt. 354, 721 A.2d 114 (1998).

## CONTRACT CLAIMS

44.     In connection with plaintiff's breach of contract claims, deference must be given to defendants' professional judgment about plaintiff's fitness to remain in the residency program. *Board of Curators of the University of Missouri v. Horowitz*, 435 U.S. 78, 92 (1978).

45.     Plaintiff claims that defendants did not keep the promises they made as part of the contract. Plaintiff in order to be entitled to a verdict must prove that it is more probable than not that defendants failed to fulfill the obligations defendants had assumed under the contract and that defendants' failure was important to the purpose of the contract, not merely technical or incidental to it. A breach of contract occurs when there is a failure without legal excuse, to perform any promise which forms the whole or part of a contract. New Hampshire Civil Jury Instruction 32.20 (Material Breach of Contract) (*citing Lassonde v. Stanton*, 157 N.H. 582, 956 A.2d 332 (2008); *Poland v. Twomey*, 156 N.H. 412, 937 A.2d 934 (2007); *Bronstein v. GZA*

*GeoEnvironmental, Inc.*, 140 N.H. 253, 665 A.2d 369 (1995); *Fitz v. Coutinho*, 136 N.H. 721, 622 A.2d 1220 (1993)).

46.     A contract should be considered as a whole.  The contract should be interpreted to give effect to all of its provisions.  If various documents constitute the contract, the intent of the parties must be determined from all the documents read together and not isolated.  New Hampshire Civil Jury Instruction 32.35 (Contract Construed In Its Entirety) (citing *Bellak v. Franconia College*, 118 N.H. 313, 386 A.2d 1266 (1978); *Orr v. Goodwin*, 157 N.H. 511, 953 A.2d 1190 (2008); *R. Zoppo Co., Inc. v. City of Dover*, 124 N.H. 666, 475 A.2d 12 (1984)).

47.     Where, as here, causation and responsibility for harm is disputed, plaintiff's burden is to show that it is more likely than otherwise that defendants' breach was a substantial factor in causing the harm.  New Hampshire Civil Jury Instruction 32.39 (Causation) (citing *Independent Mechanical Contractors v. Gordon T. Burke & Sons*, 138 N.H. 110, 635 A.2d 487 (1993)).

48.     The law does not require mathematical certainty in computing damages.  However, your computation of the damage award must be supported by the evidence; it cannot be based on speculation.  New Hampshire Civil Jury Instruction 32.42 (Damages – Computation) (citing *Syncom Indus., Inc. v. Wood*, 155 N.H. 73, 920 A.2d 1178 (2007); *Phillips v. Verax Corp.*, 138 N.H. 240, 637 A.2d 906 (1994); *Bailey v. Sommovigo*, 137 N.H. 526, 631 A.2d 913 (1993); *Fitz v. Coutinho*, 136 N.H. 721, 622 A.2d 1220 (1993); *Robert E. Tardiff, Inc. v. Twin Oaks Realty Trust*, 130 N.H. 673, 546 A.2d 1062 (1988); *Skandinavia, Inc. v. Cormier*, 128 N.H. 215, 514 A.2d 1250 (1986); *Martin v. Phillips*, 122 N.H. 34, 440 A.2d 1124 (1982); *M. W. Goodell Construction Company, Inc. v. Monadnock Skating Club, Inc.*, 121 N.H. 320, 429 A.2d 329 (1981).  *See also Atlas Truck Leasing, Inc. v. First New Hampshire Banks, Inc.*, 808

F.2d 902 (1st Cir. 1987).  *See generally Technical Aid Corp. v. Allen*, 134 N.H. 1, 591 A.2d 262

(1991) (plaintiffs should be compensated for all damages capable of computation)).

      49.     Damages suffered by plaintiff as a consequence of defendants' violation of the

contract can be awarded by you if those damages were reasonably foreseeable by the parties at

the time the contract was made.  New Hampshire Civil Jury Instruction 32.43 (Damages –

Consequential) (citing *Great Lakes Aircraft v. Claremont*, 135 N.H. 270, 608 A.2d 840 (1992);

*Salem Engineering & Construction Corp. v. Londonderry School District*, 122 N.H. 379, 445

A.2d 1091 (1982); *Petrie-Clemons v. Butterfield*, 122 N.H. 120, 441 A.2d 1167 (1982); *Emery v.

Caledonia Sand & Gravel Company, Inc.*, 117 N.H. 441, 374 A.2d 929 (1977); *Johnson v.

Waisman Brothers*, 93 N.H. 133, 36 A.2d 634 (1944)).

      50.     You may not award plaintiff any damages representing compensation for any

mental or emotional distress which plaintiff claims resulted from the violation of the contract by

defendants.  Recovery of such damages in contract actions is not permitted.  New Hampshire

Civil Jury Instruction 32.46 (Damages – Emotional Distress) (citing *Crowley v. Global Realty.

Inc.*, 124 N.H. 814, 474 A.2d 1056 (1984); *Lash v. Cheshire County Savings Bank, Inc.*, 124

N.H. 435, 474 A.2d 980 (1984); *Lawton v. Great Southwest Fire Insurance Co.*, 118 N.H. 607,

392 A.2d 576 (1978)).

      51.     Plaintiff has the obligation to minimize her damages to the extent possible and

practical.  In assessing the damages recoverable by plaintiff, you may not give to plaintiff any

award for harm resulting from plaintiff's failure to make reasonable efforts to minimize her own

losses.  Plaintiff may not recover for any damages which could have been avoided by her own

reasonable efforts, without undue risk, expense or humiliation.  New Hampshire Civil Jury

Instruction 32.47 (Damages – Mitigation) (citing *Robert E. Tardiff, Inc. v. Twin Oaks Realty*

*Trust*, 130 N.H. 673, 546 A.2d 1062 (1988) ("[r]ecovery will not be permitted of damages which could have been avoided by reasonable effort without undue risk, expense, or humiliation"); *Zareas v. Smith*, 119 N.H. 534, 404 A.2d 599 (1979).  *See generally Millimet v. First Federal Savings & Loan Association of Lowell*, 129 N.H. 526, 533 A.2d 328 (1987)).

52.     Plaintiff cannot recover more than once for the same loss even if she alleges different theories of legal fault on the part of defendants.  Therefore, if plaintiff's claims arise out of a common core of facts, only a single recovery will be made even if you find for the plaintiff on more than one of her claims or if you find against more than one defendant.  New Hampshire Civil Jury Instruction 32.48 (Damages – No Multiple Recovery (citing *Transmedia Restaurant Co. v. Devereaux*, 149 N.H. 454, 821 A.2d 983 (2003); *Phillips v. Verax Corp.*, 138 N.H. 240, 637 A.2d 906 (1994)).

53.     The law recognizes an implied covenant of good faith and fair dealing when an agreement that appears by word or silence to invest one party with a degree of discretion in performance sufficient to deprive another party of a substantial proportion of the agreement's value.  Under the covenant, an obligation of good faith to observe reasonable limits in exercising that discretion, consistent with the parties' purpose or purposes in contracting is implied into the parties' agreement.  *Centronics Corp. v. Genicom Corp.*, 132 N.H. 133, 143, 562 A.2d 187 (1989); *Winnett v. J.P. Morgan Chase and Federal National Mortgage Association*, 2013 U.S. Dist. LEXIS 108367 (D.N.H. July 30, 2013).

Respectfully submitted,

DARTMOUTH HITCHCOCK MEDICAL
CENTER and MARY HITCHCOCK MEMORIAL
HOSPITAL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  October 7, 2013          By:___/s/ William D. Pandolph, Esq._____
                                 Edward M. Kaplan, Esq.
                                 William D. Pandolph, Esq.
                                 9 Capitol Street
                                 P.O. Box 1256
                                 Concord, NH 03302-1256
                                 (603)224-2341
                                 e-mail:  wpandolph@sulloway.com

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served on the following persons on this date and in the manner specified herein:  Electronically Served Through ECF:  Norman E. Watts, Esq.

DATED:  October 7, 2013          By:___/s/ William D. Pandolph, Esq._____
                                 William D. Pandolph, Esq.